Chief Justice Bibb
delivered the Opinion of the Court.
These facts alleged in the bill are not denied by the answer: that the note on which the ‘k law was obtained by Crosswait, was given on a contract to supply timbers for the Courthouse in Clarke county, at stipulated prices; — that after some part was delivered, the note was given for the estimated price of the whole, upon a promise of Crosswait to deliver the balance, and the confidence of Garner that the contract would be complied with; — that there was a failure of Cross-wait as to part; — that the suit was brought on the note, and judgment obtained, and execution1 issued, without any credit for the failure; — that Crosswait is insolvent.
Talbott and Hanson, for plaintiff; Simpson, for defendant.
The proof of failure as to part of the consideration promised by Crosswait, is satisfactory, but the extent of Crosswait’s failure cannot be clearly ascertained by the evidence. Crosswait admits in his answer, a failure as to the value of ‡21 25; the injunction was perpetuated as to that sum, dissolved for the residue, with damages, and the complainant was made to pay costs, because the defendant’s answer stated he had been always willing to credit that much.
It seems to this court that the injunction ought to have been perpetuated as to seventy-nine dollars; moreover, that the mere answer of willingness to credit $21 25, without having done so, is no reason for compelling the complainant to pay costs.
It is therefore ordered and decreed, that the decree of the circuit court be reversed, and that the cause be remanded with directions to pronounce a decree conformably to the opinion of this court, and to do such other matters as may be proper and consequent therefrom.
Plaintiff in this court to recover his costs.